**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 09 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS BARAJAS RAMIREZ,<br><br>             Petitioner - Appellant,<br><br>   v.<br><br>JAMES A. YATES, Warden,<br><br>             Respondent - Appellee. | No. 12-17032<br><br>D.C. No. 2:10-cv-01417-MCE-TJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Submitted December 5, 2013[**]
San Francisco, California

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

   A California state jury convicted Carlos Ramirez ("Ramirez") for spousal

rape, sodomy by force, and corporal injury on R.S., his spouse. Ramirez now

appeals the district court's denial of his petition for a writ of habeas corpus under

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 2254. He claims his trial counsel provided ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Ramirez argues that his trial counsel acted unreasonably by failing to impeach R.S. with certain witnesses or evidence regarding her past alleged crimes, her bias and motive to lie, other acts reflecting her dishonesty and manipulation, her purportedly prior inconsistent statements discussing the incident, and certain explicit photos she sent Ramirez shortly after the incident.

The state courts did not unreasonably apply *Strickland* in rejecting Ramirez's claims. *See* 28 U.S.C. § 2254(d). Even assuming that Ramirez's trial counsel acted unreasonably based on these omissions, the trial court reasonably found that Ramirez was not prejudiced by the omissions alleged in the claims presented to it, and the state appellate court could have similarly found no prejudice, individually or cumulatively, given the evidence of R.S.'s injuries, the DNA evidence implicating Ramirez, the testimony of a sexual assault nurse stating that R.S.'s injuries were consistent with forcible rape and sodomy, and Ramirez's inconsistent statement to the police regarding the incident.

AFFIRMED.